Steven H. Kuhn, Esq. (SBN: 278999)
The Law Firm of Steven H. Kuhn
1954 Mountain Blvd #13052
Oakland CA 94611-2813
Telephone: (415) 937-7358
steven@kuhn-lawfirm.com

*Attorney for Plaintiff Harrison Snow Kinsley*

# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRISON SNOW KINSLEY, an Individual, <br><br> Plaintiff, <br><br> vs. <br><br> UDEMY, INC., a Delaware Corporation, and DOES 1-100, individuals, <br><br> Defendants, | **COMPLAINT FOR DAMAGES FOR:** <br><br> 1. **COPYRIGHT INFRINGEMENT;** <br> 2. **CONTRIBUTORY COPYRIGHT INFRINGEMENT;** <br> 3. **VICARIOUS COPYRIGHT INFRINGEMENT;** <br> 4. **MISAPPROPRIATION OF RIGHT OF PUBLICITY (COMMON LAW AND CAL. CIV. PRO. § 3344);** <br> 5. **UNFAIR COMPETITION AND FALSE ADVERTISING (CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200);** <br> 6. **RECEIVING STOLEN PROPERTY (CAL PENAL CODE 496(a));** <br> 7. **UNJUST ENRICHMENT;** <br> 8. **COMMON LAW TRADEMARK INFRINGEMENT;** <br> 9. **AIDING AND ABETTING;** <br> 10. **ACCOUNTING; AND** <br> 11. **DECLARATORY RELIEF.** <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is an action by Harrison Snow Kinsley (hereinafter "Plaintiff Kinsley" or "Plaintiff") to recover damages arising from infringement of Plaintiff's

copyrights in his creative works by Defendant Udemy, Inc, and to enjoin Defendant from future infringement.

2. Instructors and content creators like Plaintiff Kinsley rely on recognition – not only of their courses and work product, but their identities and their originality to give value to their work. Defendants used and sold Plaintiff's work without permission and, consequently, are building their brand and goodwill at Plaintiff Kinsley's expense.

3. Defendant Udemy is cognizant of these facts and has – on multiple occasions – has attempted to secure Plaintiff Kinsley as an instructor on its website. **Mysteriously, after Plaintiff Kinsley refused Udemy's several offers to be an instructor on its site, his courses still showed up for sale, and were illegally sold, on Udemy's website from behind a paywall.**

4. Defendant hides these (and other) courses behind a paywall, intentionally and purposely making it impossibly difficult for a copyright owner to determine whether or not their content is being sold by Udemy without their permission. Defendant is well aware of this. Defendant turns a blind eye to these facts, enjoying and monetizing the fact that they can illegally sell copyrighted material, conferring on to themselves an illegal advantage with respect to bona fide sellers of content.

5. Udemy could easily implement measures to prevent this flagrant infringement. It could implement other measures such as proper verification of instructors, checking for watermarks, looking for cropped videos, verifying that the individual in the video is the one who uploaded the content, among other things. Udemy does none of these things -  instead it unilaterally and arbitrarily absolves itself of its obligations by falsely asserting that it is entitled to the 'Safe Harbor' provisions of the Digital Millennium copyright act.

6. Udemy has even gone so far as to make public statements that it relies on members to report copyright violations under the Digital Millennium Copyright Act. Essentially all of the content Defendant Udemy provides and/or makes available is behind a paywall making it impossible for a copyright holder to properly police their content. How is a content creator meant to police their content when they must pay Udemy for the privilege of viewing the videos?

7. Udemy improperly and unlawfully attempts to shift the burden and cost of preventing copyright infringement on its site on to the content creators. Further, when apprised of illegal activity on its site, Udemy delays removal of the copyrighted material so it can extract extra money by illegal sales of a course.

8. The time has now come to hold Defendants accountable for their willful disregard of copyrights and to establish that Defendant Udemy is not able to hide behind the safe harbor provisions of the Digital Millennium Copyright Act because it, inter alia, receives a direct financial benefit from the infringing activity, and it completely ignores flagrant copyright violations on its site.

## THE PARTIES

9. Harrison Kinsley is an extremely popular and well known computer programming educator residing in Alabama. He maintains a personal website and a professional website PythonProgramming.net, the two of which receive approximately 12.3 million page views per year, 2.5 million users per year and 5 million user sessions per year. He has a Youtube.com channel with over half a million subscribers which receives approximately 22.1 million views per year and 81 million minutes of watch time per year. Plaintiff Kinsley makes these instructional videos available to anyone who desires to learn a number of computer related topics.

10. Udemy, Inc. (hereinafter "Defendant" or "Defendant Udemy") is a California Corporation with its principal place of business located at 600 Harrison Street, 3rd floor, San Francisco, CA 94107. Udemy touts itself as an online learning platform which enables anyone to call themselves an expert, sign up for an account, create a course, promote it, and earn money by selling the course to other users ("students"). Udemy receives a financial benefit from each and every transaction as it takes a cut of each and every sale.

11. This complaint does not join as a party two Defendants who falsely claimed to be Plaintiff Kinsley when uploading his copyrighted materials because Plaintiff Kinsley is ignorant of the true names of the individuals who performed such acts. Doe one falsely claimed to be Plaintiff Kinsley when the course "Mastery Python 3 Basics Tutorial Series + SQLite python" was created and the comprising videos were subsequently uploaded. DOE 2 falsely claimed to be Plaintiff Kinsley when the course "OpenCV with Python for Image and Video Analysis – Hands on!" was created and the videos comprising that course were subsequently uploaded. Plaintiff is informed and believes and based thereon alleges that they should also be subject to the relief requested herein. If necessary, Plaintiff will seek leave of court to amend this Complaint to state their true names and capacities when ascertained.

12. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as Does 3 through 21, are unknown to Plaintiff, who sues said Defendants by such fictitious names (the "Doe Defendants" – including Does one and two). If necessary, Plaintiff will seek leave of court to amend this Complaint to state their true names and capacities when ascertained.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §101, et. seq., and 28 U.S.C. §1331 and §1338(a) and 17 U.S.C. §501(b) and §1203(a).

14. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of California pursuant to 28 U.S.C. §1367(a) because these claims are so related to Plaintiff's claims under Federal Law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

15. The Court has personal jurisdiction over Defendants. Defendant Udemy, Inc. has its principal place of business in San Francisco, California. All Defendants solicit, transact, and are doing business within the State of California and have committed unlawful and tortuous acts both within and outside the State of California causing injury in California. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendants.

16. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and §1400(a).

## INTRADISTRICT ASSIGNMENT

17. Since this matter is based in copyright it may be assigned to any of the three divisions of the District Court for the Northern District of California.

## BACKGROUND FACTS

### Defendant Udemy's Attempts to Secure Plaintiff Kinsley
### as an Instructor on its Website

18. Plaintiff Kinsley is very well known in the online computer instructional content community for his videos in the field of instructional computing. He has a very significant following and is known, in particular, for his videos on Python Programming which is extremely popular right now.

19. Cognizant of Plaintiff Kinsley's popularity and eager to utilize Plaintiff Kinsley's following for its own purposes, Defendant Udemy has attempted, on multiple occasions, to engage Plaintiff Kinsley as an instructor on its platform. On February 16th, 2016, after seeing Plaintiff's content on Youtube.com, Chen Blatman, the Tech Content Lead at Udemy reached out to Plaintiff Kinsley in an effort to engage him as an instructor. Plaintiff Kinsley declined. Roughly a year later, on February 10th, 2017, Chen Blatman reached out to Plaintiff Kinsley again in an effort to engage him as an instructor on the platform. Though Mr. Blatman was careful to make sure that no representations were made in writing, Mr. Blatman made statements and assertions that made Plaintiff Kinsley think of the old adage: "If it sounds too good to be true, it probably is." Plaintiff Kinsley again declined to become an instructor on Defendant Udemy, Inc.'s website.

20. Defendant Udemy was aware of the fact that Plaintiff Kinsley would never sign up to use its services as he had adamantly refused, on multiple occasions, to be an instructor.

## Defendant Udemy's Unauthorized Copying, Streaming, and Sale to the Public of Plaintiff's Copyrighted Content

21. Despite the above facts, on January 13th, 2018, Plaintiff discovered that his course materials for "Mastery Python 3 Basics Tutorial Series + SQLite python" had been illegally and without his knowledge uploaded and offered for sale on Udemy.com, a screenshot of which is reproduced here:

22. To make matters worse, the entity which uploaded the course to Udemy.com claimed to be Plaintiff Kinsley himself and plagiarized the author's "biography" directly from Plaintiff Kinsley's website at: https://hkinsley.com/

23. Several months later, on June 20th 2018, another one of Plaintiff's courses entitled, "OpenCV with Python for Image and Video Analysis – Hands on!" was illegally uploaded and sold on Udemy.com, a screen shot of which is reproduced here:



24. Neither course was sold with Plaintiff's consent and Plaintiff has never agreed to allow Udemy to sell any of his content. Plaintiff has never allowed Defendant to use his name or likeness.

25. Further, when Defendant was caught illegally selling Plaintiff's copyrighted material, Defendant Udemy misrepresented the amount that they had profited from Plaintiff's work. On both occasions (and on others when similar situations happen to other content creators) Udemy misrepresented that "no money was made" on the sale of Plaintiff's copyrighted material.

COMPLAINT FOR DAMAGES

26. Defendant Udemy was either the source of the uploads or expended an insufficient amount of effort to verify the course uploader's identity. Had they made any effort to do so, they would have discovered that it was not Plaintiff Kinsley.

27. Defendant Udemy knew that the infringed works belonged to Plaintiff Kinsley and allowed them to be illegally sold on its website. Defendant Udemy is caught doing so regularly. In each instance, just as here and as a further example of the reprehensible behavior by Defendant, Defendant Udemy misrepresents to copyright holders who have had their content stolen and illegally sold on its site that "no money was made" on the illegally sold courses. Udemy simply pockets these ill-gotten gains and looks the other way.

**Udemy's Efforts to Characterize Its Service as Falling Under the Safe Harbor of the Digital Millennium Copyright Act Fail**

28. Udemy blatantly violates the Copyright Act and confers on itself unfair and unlawful advantages vis-à-vis other legitimate websites because it absolves itself of its statutory obligations not to commit and not to aid and abet in unlawful copyright infringement, among other things. Udemy has repeatedly taken the position that it is entitled to the Safe Harbor Provision of the Digital Millennium Copyright Act, as recently as January 8, 2018, where it posted an article stating:

"Safe harbor, a key provision of the DMCA, is what allows us to provide an open platform for experts around the world to share their knowledge with students around the world. Without safe harbor protections, "many internet companies would simply be exposed to too much legal risk to operate. Safe harbors have given us the entire social media boom and many other internet technologies that we take for granted every day." (We're quoting the Electronic Frontier Foundation because they also said it better than we could!)" https://about.udemy.com/ideas-and-opinions/thank-you-dmca/

29. In fact, Udemy is not eligible for the "Safe Harbor" provision of the DMCA because it does not even meet a single prong of the test, as explained below.

30. The Safe Harbor Provision of the Digital Millennium Copyright Act, 17 U.S.C. §512 provides as follows:

(c) Information Residing on Systems or Networks At Direction of Users.—
(1) In general.—A service provider shall not be liable for monetary relief, or, except as provided in subsection (j), for injunctive or other equitable relief, for infringement of copyright by reason of the storage at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider, if the service provider—
(A)    (i) does not have actual knowledge that the material or an activity using the material on the system or network is infringing;
(ii) in the absence of such actual knowledge, is not aware of facts or circumstances from which infringing activity is apparent; or
(iii) upon obtaining such knowledge or awareness, acts expeditiously to remove, or disable access to, the material;
(B) does not receive a financial benefit directly attributable to the infringing activity, in a case in which the service provider has the right and ability to control such activity; and
(C) upon notification of claimed infringement as described in paragraph (3), responds expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity.

**Udemy receives a direct financial benefit from infringing activity**

31. Defendant Udemy is not entitled to the Safe Harbor Protection because it, inter alia, receives a "financial benefit directly attributable to the infringing activity, in a case in which the service provider has the right and ability to control such activity."

32. Udemy maintains exclusive, complete, and unfettered control over its website. It removes users, accounts, courses, content, and all other aspects of the site on a whim.

33. Each sale of a course is directly associated with a financial transaction wherein a user ("student") purchases content ("a course") for money. Udemy receives a percentage of each and every sale – most frequently, it receives the lion's share.

**Udemy's Has Multiple Avenues of Knowledge of Infringing Activity**

34. Udemy has actual knowledge of specific and identifiable infringements on its site and it purposely ignores that knowledge. Further, Udemy is aware of facts or circumstances from which infringing activity is apparent. Udemy intentionally neglects to take any remedial action.

35. Finally, and most importantly, Defendant Udemy purposely ignores red flags indicating copyright infringement on its site and willfully turns a blind eye to its users activities. In fact, Udemy intentionally shields itself from discovering offending course listings and Udemy consciously, purposely, and intentionally avoids investigating this infringement. And why wouldn't it? The more courses it has available for purchase, the more likely it is to make sales. The content is behind a paywall so content creators are required to purchase their own copyrighted material in order to determine whether or not the course consists of their copyrighted material.

36. Udemy essentially admits as much in a statement (apparently now removed) on Udemy.com wherein Udemy asserts that it is a "marketplace model," which, according Udemy, absolves it from undertaking any effort whatsoever to prevent unlawful copyright infringement from taking place on its website:

"Our marketplace model means we do not review or edit the courses for legal issues, and we are not in a position to determine the legality of course content. However, it is important to us that instructors posting courses on Udemy respect the intellectual property of others. When instructors post courses on our marketplace, they make the promise that they have the necessary authorization or rights to use all the content contained in their courses."

37. It is quite obvious from statements such as these and its behavior that Udemy believes that it can turn a blind eye to flagrant copyright infringement on its website under the guise of its "marketplace model."

**Udemy does not act expeditiously to remove or disable access to the material**

38. When Defendant is notified of infringing activity on its site, Udemy drags its feet when removing the copyrighted content. Udemy has no incentive to remove its courses quickly. The longer the courses are up, the more sales occur and, ultimately, the more money results in Udemy's pocket.

**Udemy offers a service to its users which scans for illegally uploaded material but purposely neglects to avail itself of that service**

39. Ironically, Udemy has "partnered" with a service that it makes available to its users to scan the internet to make sure that the copyrighted material located on Udemy is not located somewhere else. The service is called "Pirashield" and Udemy describes it as follows:

"Reports from Instructors of Infringing Content on Other Platforms
We understand that when you post and make available your courses on the Udemy marketplace, you want to make sure that you will not find your courses offered on another platform without your permission. To help combat copyright infringement and piracy affecting courses of our instructors, we partnered with PiraShield, an anti-piracy vendor, to seek out and find instances of infringement and to have any infringing content removed from third-party platforms.

In the event you find your course available on another platform without your permission, please fill out the form at https://udemy.pirashield.com/home. Pirashield will file copyright infringement reports and exercise legal actions to have the infringing content removed as soon as possible. Please keep in mind that since Udemy and PiraShield don't control the content on other sites, we may not always be successful, especially if your content is on a site outside of the US or EU. Certain countries take different approaches to copyright law; as such, we

cannot guarantee the infringing party or hosting site will comply with our notices and remove the infringing content from their platform."

40. Apparently, PiraShield can be used to scan to see where courses which are offered for sale on Udemy are listed elsewhere on the internet. Strangely, Udemy neglects to avail itself of this service.

41. Each of the audiovisual works at issue in this action is of obvious high production value and is easily discernible as a professional work. Further, each and every video comprising either of the courses has independent economic value and is viable on its own. Each of the works at issue are able to "live its own copyright life." Each video represents an independent and copyrightable effort regarding a particular topic, script, and subject. Each video was created by individual effort and Plaintiff Kinsley intends to, allows, and provides access to each individual video separately, according to the wishes of the consumer. The audiovisual works were issued by Plaintiff sequentially and individually as separate topics.

**Conclusion**

42. Though it is aware of flagrant copyright infringement on its site, Defendant Udemy makes no effort to stop or disincentivise such infringement. Udemy's position is that it can turn a blind eye to this activity and that Udemy has no responsibilities for its involvement in copyright infringement. Udemy seeks to pass the responsibility on to its users and the content creators (even if they have no association with Udemy whatsoever). If you ask Udemy, everyone but Udemy is responsible for policing its site for copyright infringement. This is in spite of the fact that nearly every course is behind a paywall.

43. When Udemy is caught red-handed for its involvement in copyright infringement, it is more than happy to keep the ill-gotten gains. When illegally sold courses are discovered, Udemy refuses to pay out to the user (or the content

creator) what the user would have earned on the sale of courses - keeping both Udemy's share as well as the user's share of the ill-gotten profits. Udemy then turns around and misrepresents to the actual copyright owner that "no money was made" from the illegal sale of the courses.

44. Udemy cannot be permitted to continue this unlawful and unethical behavior and, by this lawsuit, Plaintiff Kinsley seeks to hold Udemy accountable for its reprehensible behavior.

## **FIRST CAUSE OF ACTION**
(Copyright Infringement – 17 U.S.C. §501, 17 U.S.C. §106)

### Plaintiff Kinsley Owns Copyrights of Various Creative Works

45. Plaintiff repeats and incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

46. At all times relevant hereto, Plaintiff has been the producer and owner of the photographic, audiovisual, and textual works reproduced, distributed and publicly displayed, offered for sale and sold by Defendant through its website Udemy.com.

47. For each of the works at issue in this matter, Plaintiff holds a copyright registration certificate from the United States Copyright Office.

48. Without authorization, Defendants reproduced and distributed the following copyrighted works owned by Plaintiff:

### **Python 3 Basics Tutorial – Copyright Registration Number: PAu 3-967-160**
1. Why Python 3? Python 2 vs Python 3
2. Installing Python 3 - How to install/use both Python 2 and Python 3
3. Python 3 Tutorial: Print Function and Strings
4. Python 3 Programming Tutorial: Math
5. Python 3 Programming Tutorial: Variables

6. Python 3 programming tutorial: While Loop
7. Python 3 Programming Tutorial - For loop
8. Python 3 Programming Tutorial: If Statement
9. Python 3 Programming Tutorial: If Else
10. Python 3 Programming Tutorial: If Elif Else
11. Python 3 Programming Tutorial - Functions
12. Python 3 Programming Tutorial - Function Parameters
13. Python 3 Programming Tutorial - Function Parameter Defaults
14. Python 3 Programming Tutorial - Global and Local Variables
15. Python 3 Programming Tutorial - Installing modules
16. How to download and install Python Packages and Modules with Pip
17. Python 3 Programming Tutorial - Common errors
18. Python 3 Programming Tutorial - Writing to File
19. Python 3 Programming Tutorial - Appending Files
20. Python 3 Programming Tutorial - Read from a file
21. Python 3 Programming Tutorial - Classes
22. Python 3 Programming Tutorial - Frequently asked questions
23. Python 3 Programming Tutorial - Getting user input
24. Python 3 Programming Tutorial - Statistics (Mean, Standard Deviation)
25. Python 3 Programming Tutorial - Module Import Syntax
26. Python 3 Programming Tutorial - Making Modules
27. Python 3 Programming Tutorial - Lists and Tuples
28. Python 3 Programming Tutorial - List Manipulation
29. Python 3 Programming Tutorial - Multi-dimensional List
30. Python 3 Programming Tutorial - Reading from a CSV spreadsheet
31. Python 3 Programming Tutorial - Try and Except error Handling
32. Python 3 Programming Tutorial - Multi-line Print
33. Python 3 Programming Tutorial - Dictionaries
34. Python 3 Programming Tutorial - Built-in Functions
35. Python 3 Programming Tutorial - OS Module
36. Python 3 Programming Tutorial - Sys Module
37. Python 3 Programming Tutorial - urllib module
38. Python 3 Programming Tutorial - Regular Expressions / Regex with re
39. Python 3 Programming Tutorial - Parsing Websites with re and urllib
40. Python 3 Programming Tutorial - tkinter module making windows
41. Python 3 Programming Tutorial - Tkinter adding buttons
42. Python 3 Programming Tutorial - Tkinter event handling
43. Python 3 Programming Tutorial - Tkinter menu bar
44. Python 3 Programming Tutorial - Tkinter adding images and text
45. Python 3 Programming Tutorial - Threading module
46. Python 3 Programming Tutorial - cx freeze python to exe

47. Python 3 Programming Tutorial - Subprocess module
48. Python 3 Programming Tutorial - Matplotlib Graphing Intro
49. Python 3 Programming Tutorial - Matplotlib Labels and titles
50. Python 3 Programming Tutorial - Matplotlib Styles
51. Python 3 Programming Tutorial - Matplotlib legends
52. Python 3 Programming Tutorial - Scatter plots and bar charts
53. Python 3 Programming Tutorial - Matplotlib plotting from a CSV
54. Python 3 Programming Tutorial - ftplib FTP transfers Python
55. Python 3 Programming Tutorial - Sockets intro
56. Python 3 Programming Tutorial - Sockets simple port scanner
57. Python 3 Programming Tutorial - Threaded port scanner
58. Python 3 Programming Tutorial - Sockets Binding and listening
59. Python 3 Programming Tutorial - Sockets: client server system
60. Python 2to3 - Convert your Python 2 to Python 3 automatically!
61. Python Pickle Module for saving objects (serialization)
62. Python Eval programming tutorial
63. Exec - Python programming tutorial
64. Creating a database, table, and inserting - SQLite3 with Python 3 part 1
65. Inserting variables to database table - SQLite3 with Python 3 part 2
66. Read from (SELECT) Database table - SQLite3 with Python 3 part 3
67. Graph from database table example - SQLite3 with Python 3 part 4
68. UPDATE and DELETE - SQLite3 with Python 3 part 5

49. In falsely representing that they were Plaintiff Kinsley, Doe 1 illegally replicated Plaintiff Kinsley's self description from his own website, as follows:

Who am I? I am a husband, runner, friend of all dogs, programmer, teacher, and entrepreneur. I like to learn and build with technology.

I am a founder of multiple businesses, all of which leverage the Python programming language. From using Flask web development on all of my business sites, to Scikit-Learn and Pandas for machine learning and data analysis with Ensmo.com, to the Natural Language Toolkit for natural language processing with Sentdex.com, to teaching a massive variety of Python programming topics on

PythonProgramming.net, Python and programming is a major part of my life and work.

I believe programming is a super power, and the social impact of making this education easily accessible to anyone is one of the most important things I can do with my life."

50. Without authorization, Defendant DOE 2, who submitted another of Plaintiff Kinsley's courses and comprising videos used the pseudonym "Python Programming," reproduced, distributed and publicly displayed the following works owned by Plaintiff:

**OpenCV with Python for Image and Video Analysis – Copyright Registration Number: PAu 3-959-860**

1. Intro and loading Images - OpenCV with Python for Image and Video Analysis
2. Loading Video Source - OpenCV with Python for Image and Video Analysis
3. Drawing and Writing on Image - OpenCV with Python for Image and Video Analysis
4. Image Operations - OpenCV with Python for Image and Video Analysis
5. Image arithmetics and Logic - OpenCV with Python for Image and Video Analysis
6. Thresholding - OpenCV with Python for Image and Video Analysis
7. Color Filtering - OpenCV with Python for Image and Video Analysis
8. Blurring and Smoothing - OpenCV with Python for Image and Video Analysis
9. Morphological Transformations - OpenCV with Python for Image and Video Analysis
10. Edge Detection and Gradients - OpenCV with Python for Image and Video Analysis
11. Template Matching - OpenCV with Python for Image and Video Analysis
12. GrabCut Foreground Extraction - OpenCV with Python for Image and Video Analysis
13. Corner Detection - OpenCV with Python for Image and Video Analysis
14. Feature Matching (Homography) Brute Force - OpenCV with Python for Image and Video Analysis
15. MOG Background Reduction - OpenCV with Python for Image and Video Analysis
16. Haar Cascade Object Detection Face & Eye - OpenCV with Python for Image and Video Analysis
17. Making your own Haar Cascade Intro - OpenCV with Python for Image and Video Analysis
18. Gathering Images for Haar Cascade - OpenCV with Python for Image and Video Analysis
19. Cleaning images and creating description files - OpenCV with Python for Image and Video Analysis

20. Training Haar cascade object detection - OpenCV with Python for Image and Video Analysis
21. Haar Cascade for image & video object classification - OpenCV w/ Python for Image Video Analysis

51. Defendants knew their acts constituted copyright infringement. Defendants' conduct was willful within the meaning of the Copyright Act. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. §501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to his business reputation and goodwill.

52. Defendant Udemy, Inc. is not entitled to the safe harbor defense within the copyright statute because it, inter alia, willfully turns a blind eye to the flagrant copyright infringement on the site and derives direct monetary gain from the sale of copyrighted material.

53. Plaintiff is entitled to statutory damages under 17 U.S.C. §504(c). Alternatively, Plaintiff is entitled to recover his losses and any and all profits Defendants have made as a result of their wrongful conduct in accordance with 17 U.S.C. §504.

54. In addition, because Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

55. Plaintiff is entitled to recover his attorneys' fees and costs of suit pursuant to 17 U.S.C. §505.

## SECOND CAUSE OF ACTION
(Contributory Copyright Infringement)

56. Plaintiff repeats and incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

57. Numerous individuals and entities directly infringed Plaintiff's copyrighted works.

58. Defendants induced, caused and materially contributed to the infringing acts of others by encouraging, inducing, allowing and assisting others to reproduce and distribute Plaintiff's works.

59. Defendants had knowledge of the infringing acts relating to Plaintiff's copyrighted works.

60. The acts and conduct of Defendants, as alleged above in this Complaint constitute contributory copyright infringement.

### THIRD CAUSE OF ACTION
(Vicarious Copyright Infringement)

61. Plaintiff repeats and incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

62. Numerous individuals and entities directly infringed Plaintiff's copyrighted works.

63. Defendants had the right and ability to control the infringing acts of the individuals or entities who directly infringed Plaintiff's works.

64. Defendants obtained a direct financial benefit from the infringing activities of the individuals or entities who directly infringed Plaintiff's works.

65. The acts and conduct of Defendants, as alleged above in this Complaint constitute vicarious copyright infringement.

### FOURTH CAUSE OF ACTION
(Misappropriation of the Right of Publicity
(Common Law and Cal. Civ. Pro. §3344))

66. Plaintiff repeats and incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

67. Plaintiff's copyrighted works embody images of himself and Plaintiff is the exclusive proprietor of his rights of publicity in the performances embodied in Plaintiff's creative works. Plaintiff's voice is extremely recognizable and he is well known in the field of technical tutorials. Plaintiff's name and likeness was used by Defendants to their commercial advantage. Defendants infringed the rights of publicity owned and controlled by Plaintiff by displaying images of Plaintiff for commercial gain without authorization or consent.

68. As a direct and proximate result of Defendants' conduct as aforesaid, Plaintiff has been damaged by lost income in an amount to be determined at trial. Defendants acted deliberately to injure Plaintiff and otherwise in conscious disregard of Plaintiff's rights. Further, Defendants performed these acts, or otherwise authorized, ratified or had knowledge of them and thereby acted in conscious disregard of Plaintiff's rights. Defendants' conduct as alleged above has damaged and will continue to damage Plaintiff's goodwill and reputation and has resulted in losses to Plaintiff and illicit gain of profit to Defendants in an amount unknown at the present time.

69. The acts and conduct of Defendants as alleged above in this Complaint constitute a misappropriation of the right of publicity pursuant to the common law of California. The acts and conduct of Defendants as alleged above in this Complaint constitute a misappropriation of the right of publicity in the form of the unauthorized commercial use of a photograph in violation of California Civil Code §3344.

70. Defendants' conduct as alleged above has damaged and will continue to damage Defendants in an amount unknown at the present time. Plaintiff's goodwill

and reputation and has resulted in losses to Plaintiff and illicit gain of profit to Defendant.

71. The aforementioned acts of Defendants were willful, oppressive, fraudulent and malicious and therefore, Defendants' conduct justifies an award of exemplary or punitive damages in an amount sufficient to punish Defendants and to make examples of them to others as provided for in Cal. Civ. Code § 3344(a).

## FIFTH CAUSE OF ACTION
(Unfair Competition and False Advertising
(California Business And Professions Code §17200))

72. Plaintiff repeats and incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

73. Defendants' conduct was and is unlawful, unfair, and fraudulent, constituting unfair competition and unfair business practices under California Business and Professions Code sections 17200 et seq.  Defendants' acts include, without limitation, refusing to remit revenues earned by its illegal sale of Plaintiff's copyrighted material; refusing to use commercially reasonable efforts to prevent copyright infringement from occurring on its site; misrepresenting to the public that no money was earned from the sale of Plaintiff's courses; and other acts and omissions as set forth herein.

74. This unlawful, unfair, and fraudulent conduct constitutes unfair competition and unlawful business practices relative to Plaintiff Kinsley as well as others in the industry.  Among other things, the acts alleged herein have effectively prevented Plaintiff Kinsley from doing business with competitors of Udemy, Inc.

75. As a result of their conduct, Defendants have been unjustly enriched in an amount subject to proof at trial, and Plaintiff Kinsley is entitled to restitution and  disgorgement remedies.

76. Plaintiff Kinsley is entitled to injunctive relief and other equitable remedies. Plaintiff Kinsley has suffered irreparable harm as a result of Defendants' activities and will continue to suffer irreparable injury that cannot be adequately remedied at law unless and until enjoined and restrained by this Court.

## SIXTH CAUSE OF ACTION
(Receiving Stolen Property §496(a))

77. Plaintiff repeats and incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

78. On or about January 13th 2018, Defendant Udemy knowingly received copyrighted material derived by theft and the profits derived from the sale of same in violation of Penal Code §496(a).

79. In the alternative, on or about January 13th 2018, Udemy knowingly concealed, sold, aided in selling, and aided in concealing stolen copyrighted material, with knowledge that such copyrighted material had been so stolen or obtained in violation of Penal Code §496(a).

80. On or about June 20th 2018, Defendant Udemy knowingly received copyrighted material derived by theft and the profits derived from the sale of same in violation of Penal Code §496(a).

81. In the alternative, on or about June 20th 2018, Udemy knowingly concealed, sold, aided in selling, and aided in concealing stolen copyrighted material, with knowledge that such copyrighted material had been so stolen or obtained in violation of Penal Code §496(a).

82. Defendants misappropriated, embezzled, and effectively stole monetary profits from Plaintiff Kinsley, including without limitation, profits derived from the illegal sale of Plaintiff's copyrighted material and refused to transfer the money

to Plaintiff Kinsley. The money was stolen or obtained in a manner constituting theft or extortion.

83. Defendants knew the money was misappropriated, embezzled, stolen, or otherwise obtained in a manner constituting theft or extortion, but nonetheless received, concealed, and withheld the money from Plaintiff Kinsley, and aided in obtaining, concealing, and withholding the money in violation of California Penal Code §496.

84. Further, Plaintiff Kinsley's property, including without limitation, his copyrighted material, was stolen or obtained in a manner constituting theft or extortion.

85. Defendants knew Plaintiff Kinsley's property was stolen or obtained in a manner constituting theft or extortion, but nonetheless received, concealed, withheld, and blocked Plaintiff Kinsley from the property, and aided in obtaining, concealing, and withholding the property in violation of California Penal Code §496.

86. As a result of Defendants' acts and conduct as alleged above and below, Plaintiff Kinsley suffered and will continue to suffer damages, in an amount to be proved at trial.

87. Pursuant to California Penal Code §496(c), which provides that any person who has been injured by a violation of Penal Code §496(a) "may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees", Plaintiff Kinsley is entitled to three times the amount of his actual damages, costs of suit, and attorneys' fees, in an amount to be proved at trial.

## SEVENTH CAUSE OF ACTION
### (Unjust Enrichment)

88. Plaintiff repeats and incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

89. As a result of the breaches by and wrongful acts of Defendants, Defendants have been unjustly enriched at the expense of Plaintiff. Defendants have derived and continue to derive a benefit from failing to perform their obligations and due diligence to, inter alia, avoid selling stolen property. Defendant has sold Plaintiff's copyrighted material in violation of 17 U.S.C. §501.

90. Not only does Udemy directly and indirectly derive a substantial monetary and non-monetary benefit from its association with Plaintiff's name, it derives an even larger benefit because Plaintiff's name, likeness, and copyrighted content drives traffic to Udemy's site. Once a fan of Plaintiff Kinsley is on Defendant Udemy's website, they might see another course and decide to take that course. It is well known in the web community that a user landing on a website has a specific monetary value. Defendant's unauthorized use of Plaintiff's name drove users to Udemy.com and unjustly enriched Defendant.

91. Defendants are under an obligation to pay Plaintiffs forthwith all amounts by which they have been unjustly enriched, in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION
(Unfair and Unlawful Business Practices)

92. Plaintiff repeats and incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

93. Defendants' actions as alleged herein constitute unfair and unlawful business practices pursuant to California Business & Professions Code §17200, et. seq.

94. As a direct and proximate result of Defendants' unfair and unlawful business practices, Defendants have received, withheld, refused to account for, and converted to their own use funds that rightfully belong to Plaintiffs.

95. Pursuant to Business and Professions Code §17203, injunctive relief is necessary to prevent Defendants from continuing to engage in unfair and unlawful business practices as alleged herein. Plaintiffs are thus entitled to injunctive relief including, without limitations, a preliminary and permanent injunction:

 a) Prohibiting Defendants and their agents from withholding monies owed to Plaintiff relating to any revenues and other sums received at any time, either directly or indirectly, by Defendants as a result of its association with plaintiff and Plaintiff's materials.

 b) Prohibiting Defendants and their agents, on an ongoing basis, from withholding copies of records and documents available to Defendants that identify or reflect revenues to or any other sums that have been earned or paid, inter alia, relating to Defendants sale of Plaintiff's copyrighted material and use of likeness.

96. The above-described acts will cause great and irreparable damage to Plaintiffs if injunctive relief is not granted.

## NINTH CAUSE OF ACTION
### (Aiding and Abetting)

97. Plaintiff repeats and incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

98. Defendants each aided and abetted, encouraged, and rendered substantial assistance to one another in order to accomplish the wrongful acts complained of herein, including the illegal copying and sale of Plaintiff's copyrighted material. In aiding and abetting and substantially assisting the commission of the acts complained of, Defendants acted with an awareness of their wrongdoing and realized that their conduct would substantially assist the accomplishment of the wrongful conduct and scheme alleged herein.  In performing these acts, Defendants either acted as agents of the other Defendants, or the other Defendants ratified such acts, or both, and benefited financially from their scheme.

99. As a direct and proximate cause of conduct alleged herein including Defendants' aiding and abetting, encouraging, and rendering substantial assistance to the receipt of funds belonging to Plaintiff, Plaintiff suffered and will continue to suffer damages, including lost profits and other consequential damages in an amount to be proved at trial.

100. In addition, the wrongful acts of Cross-Defendants were done maliciously, oppressively, and with the intent to mislead and defraud, and Plaintiff Kinsley is entitled to punitive and exemplary damages to be ascertained according to proof, which is appropriate to punish and set an example of Defendants.

101. Plaintiff Kinsley is entitled to disgorgement of all gains, profits, advantages, and unjust enrichment derived by Cross-Defendants for aiding and abetting in the aforementioned acts.

## TENTH CAUSE OF ACTION
(Accounting)

102. Plaintiff repeats and incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

103. Plaintiff is entitled to a full and complete accounting from Defendants including, but not limited to, all revenue and other amounts Defendants have earned or received or are entitled to receive at any time, either directly or indirectly, from or as a result of Udemy's sale of Plaintiff's videos as well as Udemy's association with Plaintiff Kinsley, and payment of all amounts due to Plaintiffs pursuant to such accounting.

## ELEVENTH CAUSE OF ACTION
(Declaratory Relief)

104. Plaintiff repeats and incorporates by reference each and every allegation contained in each paragraph above and below as though the same were set forth in full herein.

105. A dispute has arisen between the parties with respect to Plaintiff's copyrights and the profits derived from Defendants' unlawful sale of Plaintiff's copyrighted material.

106. Defendant is regularly accused of the type of misconduct asserted in the present action. Heretofore, Defendant has and is operating under the assumption that it is protected by the Safe Harbor portion of the Digital Millennium Copyright Act.

107. Defendant, inter alia, has actual knowledge that material and activities using the material on its system is or are infringing. Defendant is aware of facts or circumstances from which infringing activity is apparent. Defendant receives a direct financial benefit attributable to the infringing activity in a case in which Defendant has the right and ability to control such activity. Defendant does not act expeditiously to remove or disable access to infringing material.

108. In light of the foregoing, Plaintiff Kinsley desires a judicial determination that Defendant is not protected by the "Safe Harbor" Provisions of the Digital Millennium Copyright Act, 17 U.S. Code § 512.

# **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, jointly and severally as follows:

1. For Plaintiff's damages and Defendants profits in such amount as may be found; alternatively, at Plaintiff's election, for maximum statutory damages in no event lower than the amount of $13,350,000 (89 separately viable and independent works multiplied by $150,000/title); or for such other amounts as may be proper pursuant to 17 U.S.C. §§ 504(c), 1203(c);

2. For preliminary and permanent injunctions enjoining Udemy, and all persons acting in concert or participation with it, from publicly performing, reproducing, or otherwise infringing in any manner any copyrighted work owned or controlled by Plaintiff (including without limitations any Copyrighted Work);

3. For interest at the maximum legally permissible rate from the date of the initial illegal sales;

4. For Plaintiff's attorneys' fees and full costs incurred in this action pursuant to 17 U.S.C. §§505 and 1203.

5. For an accounting to determine, inter alia, sales revenues invoiced or to be invoiced for illegal sales of Plaintiff's copyrighted works;

6. For restitution and/or disgorgement of ill-gotten gains;

7. For injunctive relief enjoining Defendants from engaging in acts of unfair competition and unlawful business practices;

8. For Plaintiff's damages and Defendants' profits pursuant to Cal. Civ. Code § 3344 or in the alternative statutory damages pursuant to Cal. Civ. Code § 3344;

9. For an order requiring Defendants to pay punitive damages pursuant to Cal. Civ. Code §3344.

10. For a judicial declaration that:

1. Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants are not entitled to the safe harbor provisions of the Digital Millennium Copyright Act (17 U.S.C. §512);

11. That the Court enter an order of impoundment pursuant to 17 U.S.C. §§503 and 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendants' possession or under its control;

12. For punitive and exemplary damages in an amount sufficient to punish Defendants for their wrongful conduct;

13. That the court order Defendants to pay Plaintiff both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action pursuant to 17 U.S.C. §504, 17 U.S.C. §505, 17 U.S.C. §1203, 28 U.S.C. §1821, 28 U.S.C. §1920, Cal. Civ. Code §3344(a), and California Penal Code §496;

14. For actual damages according to proof;

15. For special damages according to proof;

16. For consequential damages according to proof;

17. For treble damages according to proof; and

18. For any other and additional such relief that the court deems just and proper.

DATED:        July 29, 2019                    The Law Firm of Steven H. Kuhn

BY: _____/s/ Steven H. Kuhn_____

The Law Firm of Steven H. Kuhn
1954 Mountain Blvd #13052
Oakland CA 94611-2813
Telephone: (415) 937-7358
steven@kuhn-lawfirm.com

*Attorney for Plaintiff Harrison Snow Kinsley*

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Kinsley hereby demands a jury trial for all issues set forth in the complaint so triable.


DATED:     July 29, 2019                         The Law Firm of Steven H. Kuhn


                                    BY:          /s/ Steven H. Kuhn

                                    The Law Firm of Steven H. Kuhn
                                    1954 Mountain Blvd #13052
                                    Oakland CA 94611-2813
                                    Telephone: (415) 937-7358
                                    steven@kuhn-lawfirm.com

                                    *Attorney for Plaintiff Harrison Snow Kinsley*